UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORTESHA WHITE,<br><br>            Plaintiff,<br><br>            -against-<br><br>THE CITY OF NEW YORK, KATHRYN HENNESSEY (SHIELD NO. 04157), JOHN DOE 1-3<br><br>            Defendants. | COMPLAINT<br><br>10-CV-1067 (RJH)<br><br>Jury Trial Demanded |

**PRELIMINARY STATEMENT**

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth Amendment to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York.  The case arises from a June 28, 2009 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault and battery, and fabricated evidence.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District.

**PARTIES**

4. Plaintiff is a resident of the State of New York, County of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. The New York City Police department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

7. Kathryn Hennessey is a member of the NYPD who violated plaintiff's rights as described herein. Kathryn Hennessey is sued in her individual and official capacity.

8. John Does are members of the NYPD who violated plaintiff's rights as described herein. Does are sued in their individual and official capacity.

**STATEMENT OF FACTS**

9. On June 28, 2009, at about 11:00 p.m., plaintiff, along with her three children, was walking towards her car. Plaintiff, a twenty-eight-year-old woman with no criminal record had been visiting her father at 472 West 147th Street in New York, NY. At the time of this incident, plaintiff was three months pregnant. At all relevant times, plaintiff was not involved in criminal activity.

10. As plaintiff walked towards her car she was approached by Officer Hennessey. Officer Hennessey asked plaintiff about comments plaintiff allegedly made hours before.

11. Plaintiff informed Officer Hennessey that plaintiff had made no such comments. Officer Hennessey then stepped in front of plaintiff, blocking plaintiff's path. Officer Hennessey refused to let plaintiff and her children continue on their way. Officer John Does then approached Plaintiff.

12. One of the Officers asked plaintiff for identification, which plaintiff provided. Plaintiff then began walking away. One of the officers told plaintiff that she was not allowed to leave.

13. Plaintiff then asked each of the officers for their name and shield numbers. At this point, one of the officers told plaintiff that she had a warrant. Plaintiff told the officer he was not being honest as plaintiff knew she did not have a warrant.

14. One of the officers then grabbed plaintiff, threw her against a wall, twisted her arm and stuck his knee forcefully in her back. Plaintiff's children began crying and screaming. Plaintiff was then taken to the police precinct for arrest processing.

15. Once at the precinct, plaintiff was told that she was being charged with Disorderly Conduct and Resisting Arrest. When plaintiff inquired about the alleged warrant, she was told no such warrant existed.

16. Plaintiff was then taken to New York Central Booking. Once at Central Booking, plaintiff twice was taken to Bellevue Hospital for treatment. First, due to her asthma and then due to her pregnancy.

17. While plaintiff was in Central Booking, awaiting arraignment, one or more of the arresting officers met with a prosecutor employed by the New York County District Attorney's Office.

18. The officer(s) misrepresented to the prosecutor that plaintiff had committed various crimes.

19. As a result of the aforesaid misrepresentation, misdemeanor charges were filed against plaintiff.

20. On June 29, 2009, at approximately 11:00 p.m. plaintiff was released on her own recognizance. After numerous court appearances, plaintiff received an ACD.

21. As a result of defendants' actions, plaintiff experienced physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, pain and suffering, loss of liberty, and damage to reputation.

**FEDERAL LAW CLAIMS AGAINST HENNESSEY AND JOHN DOES**

22. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-21 as if fully set forth herein.

23. The conduct of Police Officer Hennessey and John Does, as described herein, amounted to false arrest, excessive force, assault and battery, and fabricated evidence. This conduct violated plaintiff' rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**FEDERAL LAW CLAIMS AGAINST THE CITY OF NEW YORK**

24. Plaintiff repeats and realleges the/ allegations contained in ¶¶ 1-23 as if fully set forth herein. The City of New York directly caused the constitutional violations suffered by plaintiff.

25. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

26. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

5

27. The aforesaid conduct by the City of New York violated plaintiff' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    February 9, 2010
                New York, New York

Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

_____
ROBERT MARINELLI (RM-4242)